UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA BUNCH, a minor, by and )
through Magali Acacia, her foster mother, )
)
    Plaintiff, )
) No. 07 CV 2367
v. )
) Judge John W. Darrah
NILES TOWNSHIP DISTRICT FOR )
SPECIAL EDUCATION, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Bunch ("Bunch"), by and through her foster mother, Magali Acacia, filed a one-count Complaint, *pro se*, against Defendant, Niles Township District for Special Education ("the District"). The Complaint alleges procedural violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Presently pending before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged operative conduct of the parties.

Bunch is a child who suffers from conditions related to emotional disturbances. In order to aid her in her education, Bunch was provided with an individual education program (IEP). The IEP outlined Bunch's needs for special assistance and her eligibility for that assistance. The needs outlined in the IEP, however, were not addressed, as required by the IDEA – the services provided to Bunch were inadequate and inappropriate.

As part of the services provided, Bunch was assisted by an aide in classroom settings. At times, however, no aide was provided to Bunch, which made her classroom experience difficult. As a result, Bunch suffered ridicule from classmates and her teacher, including being prohibited from using a restroom on her own.

The lack of appropriate assistance also led to Bunch's suffering the loss of educational opportunity. For example, Bunch was unable to participate in a school field trip because the district would not provide an aide. At that time, Bunch was informed that she would not be allowed to participate in the field trip unless a parent or guardian was available to attend.

Without the needed assistance, Bunch was not provided an adequate education and began to regress emotionally and academically. In an attempt to compensate for the inadequacies at school, Bunch sought individual tutoring sessions through an independent educational program.

## ANALYSIS

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its

2

allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007).

Bunch alleges that the District did not comply with the procedural requirements contained in the IDEA. "Whenever a complaint is received under [the IDEA], the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing . . . conducted by the State educational agency or by the local educational agency . . . ." 20 U.S.C. § 1415(f)(1)(A). Upon conclusion of the hearing required by subsection (f), "any party aggrieved by the findings and decision rendered in such a hearing may appeal . . . to the State educational agency." 20 U.S.C. § 1415(g)(1). "Any party aggrieved by the findings and decision made under subsection (f) . . . who does not have the right to an appeal under subsection (g) . . ." may bring a civil action in "any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). Nothing in the IDEA is to be construed as limiting "the rights, procedures, and remedies available under the Constitution" or any relevant statute, "except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted . . . ." 20 U.S.C. § 1415(l).

The District argues that Bunch's Complaint should be dismissed because she has not exhausted the required procedures under the IDEA. Bunch did not file a response disputing the District's argument. While Bunch requests monetary relief for the alleged violations, a remedy which is not expressly available under the IDEA, such a request does not remove her from the obligation to proceed under the statutory scheme. Regardless of the relief requested, the nature of

3

Bunch's claims subjects her to the procedures of the IDEA. *See generally, Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989 (7th Cir. 1996). Bunch has made no showing that the required procedures under the IDEA have been exhausted as to the District and, therefore, may not, at this time, maintain a civil action against the District.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

Dated: March 19, 2008

JOHN W. DARRAH
United States District Court Judge

4